**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MATTHEW DAVIS,** | : | **CIVIL NO. 3:11-CV-1864** |
| | : | |
| **Petitioner,** | : | **(Judge Nealon)** |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **B.A. BLEDSOE, et al.,** | : | |
| | : | |
| **Respondent.** | : | |

**MEMORANDUM  ORDER**

**I.     Background–Davis' Habeas Corpus Petition and Discovery Request**

This case is a habeas corpus petition filed by a federal prisoner pursuant to 28 U.S.C. § 2241.  That petition alleges that the Bureau of Prisons is denying petitioner, who is housed in the Special Management Unit at the Lewisburg penitentiary, favorable early residential release consideration.  In connection with this petition, Davis has filed a motion for discovery, which seeks far-ranging statistical information regarding the rate of residential re-entry placements at the United States Penitentiary–Lewisburg, and throughout the federal prison system. (Doc. 10) Because this discovery request misconstrues the nature of this Court's inquiry, and the scope of discovery in cases of this type, the motion will be denied.

1

## II.  **Discussion**

Habeas petitioners have no absolute right to make discovery demands upon respondents.  Rather, decisions on discovery requests rest in the sound discretion of the court.  As the United States Court of Appeals for the Third Circuit has noted:

> Just as bald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing, see Wacht v. Cardwell, 604 F.2d 1245, 1246 n. 2 (9th Cir.1979), neither do they provide a basis for imposing upon the state the burden of responding in discovery to every habeas petitioner who chooses to seek such discovery. Under Rule 6(a) of the Rules Governing Habeas Corpus Cases Under § 2254 the district court has discretion to decide the extent to which discovery is appropriate. The Advisory Committee Note to Rule 6 makes clear that prior court approval is required to prevent abuse.

Mayberry v. Petsock, 821 F.2d 179, 185 (3d Cir. 1987)

These discovery rules in § 2254 petitions apply with equal force to federal habeas petitions under § 2241. See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979) (explaining that habeas rules are "applicable to Section 2241 petitions through Rule 1(b)").

Exercising this discretion, we will deny Davis' request at this time.  Davis' petition asserts a right to early residential release based upon the Second Chance Act 18 U.S.C. § 3624.  With respect to habeas claims premised on this Act, as we have

noted, in April of 2008, the Second Chance Act of 2007, Pub. L. No. 110-199, went

into effect.  This act contains several provisions which are designed to aid prisoners

in their transition back into society.  For example, the Act authorizes the Bureau of

Prisons to place certain inmates in Residential Re-entry Centers for up to one year at

the end of their prison terms to aid their readjustment into society. See 18 U.S.C. §

3624(c)(1).[1]

---

[1]18 U.S.C. § 3624(c) provides as follows:

**( c ) Prerelease custody.**–

**(1) In general.**--The Director of the Bureau of Prisons shall, to the extent
practicable, ensure that a prisoner serving a term of imprisonment spends a portion
of the final months of that term (not to exceed 12 months), under conditions that
will afford that prisoner a reasonable opportunity to adjust to and prepare for the
reentry of that prisoner into the community. Such conditions may include a
community correctional facility.

**(2) Home confinement authority.**--The authority under this subsection may be
used to place a prisoner in home confinement for the shorter of 10 percent of the
term of imprisonment of that prisoner or 6 months.

**(3) Assistance.**--The United States Probation System shall, to the extent
practicable, offer assistance to a prisoner during prerelease custody under this
subsection.

**(4) No limitations.**--Nothing in this subsection shall be construed to limit or
restrict the authority of the Director of the Bureau of Prisons under section 3621

18 U.S.C. § 3624(c).

While the Act promotes policies assisting inmates in reintegration into society, nothing in the Act is mandatory, and the Act does not compel the Bureau of Prisons to provide particular inmates with a specific community confinement or home detention placement.  Quite the contrary, the statutory text makes it clear that prison officials retain their broad discretion in placing, housing, transferring and classifying inmates.  Thus, 18 U.S.C. § 3624(c)(4) clearly states that the Act in no way restricts the broad discretion conferred upon the Bureau of Prisons under 18 U.S.C. § 3621 to make decisions on how best to house inmates, providing that: "Nothing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621". Section 3621, in turn, broadly reaffirms the discretion of prison officials in this field to make appropriate prison placement decisions based upon five statutory factors set forth in 18 U.S.C. § 3621(b). [2]

---

[2] 18 U.S.C. § 3621(b) provides:

(b) Place of imprisonment.--The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering-

(1) the resources of the facility contemplated;
(2) the nature and circumstances of the offense;

Similarly, while the Second Chance Act amended 42 U.S.C. § 17541 to encourage the

Bureau of Prisons to examine early release and social re-integration for certain

offenders, the Act expressly reaffirms that decisions relating to which offenders may

qualify for the program involve assessments that rest in the sound discretion of the

Bureau of Prisons. See 42 U.S.C. §§ 17541(a)(2) and (g)(5).

Indeed, as it relates to inmate community confinement decisions, the Second

Chance Act speaks directly to the discretion retained by the Bureau of Prisons in 18

U.S.C. § 3624(c)(1) which provides as follows:

> **( c ) Prerelease custody.**–
>
> **(1) In general.**--The Director of the Bureau of Prisons shall, to the extent
> practicable, ensure that a prisoner serving a term of imprisonment spends
> a portion of the final months of that term (not to exceed 12 months),
> under conditions that will afford that prisoner a reasonable opportunity
> to adjust to and prepare for the reentry of that prisoner into the

---

> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence--
>> (A) concerning the purposes for which the sentence to
>> imprisonment was determined to be warranted; or
>> (B) recommending a type of penal or correctional facility as
>> appropriate; and
> (5) any pertinent policy statement issued by the Sentencing
> Commission pursuant to Section 994(a)(2) of title 28 . . . Any order,
> recommendation, or request by a sentencing court that a convicted
> person serve a term of imprisonment in a community corrections
> facility shall have no binding effect on the authority of the Bureau
> under this section to determine or change the place of imprisonment
> of that person.

community. Such conditions *may* include a community correctional facility.

18 U.S.C. § 3624(c)(1)(emphasis added).

The use of the word "may" in § 3624, has led courts to consistently hold that the Act creates no absolute, enforceable legal right to a particular RRC placement for any prisoner. See, e.g., O'Hara v. Rios, No. 08-5160, 2009 U.S. Dist. LEXIS 90243 (D. Minn. Sept. 28, 2009); McGee v. Thomas, No. 09-455, 2009 U.S. Dist. LEXIS 62617 (D. Ore. July 22, 2009).  Rather, what is required by the Act is a showing that the Bureau of Prisons engaged in an individualized determination of each inmate's RRC placement, using the statutory factors set forth in the law. Smith v. Sanders, No. 09-3083, 2009 U.S. Dist. LEXIS 82265 (C.D. Cal. July 31, 2009).

Moreover, in considering whether the Bureau of Prisons has properly exercised its broad discretion in this field, courts have frequently examined  the Bureau of Prisons policies implementing the Act.  With respect to these policies, the majority view, reflected in numerous trial court opinions, and in the only appellate court decision to have considered this issue, holds that these Bureau of Prisons' policies do not violate the Act. See,e.g., Miller v. Whitehead, 527 F.3d 752,755-58 (8th Cir. 2008); Wires v. Bledsoe, No. 09-2247, 2010 WL 427769 (M.D.Pa. Feb. 3, 2010)(citing Torres v. Martinez, No. 09-CV-1070 (M.D.Pa. Aug.12, 2009)); Fleischi v. Outlaw, No. 09-79, 2009 U.S.Dist. LEXIS 99306 (E.D. Ark. Oct. 26, 2009);

O'Hara v. Rios, No. 08-5160, 2009 U.S. Dist. LEXIS 90243 (D. Minn. Sept. 28, 2009); Holland v. Bureau of Prisons, No. 08-3960, 2009 WL 2872835 (D.S.C. Sept. 2, 2009);  Smith v. Sanders, No. 09-3083, 2009 U.S. Dist. LEXIS 82265 (C.D. Cal. July 31, 2009); Yanucci v. Stansberry, No. 08-561, 2009 WL 2421546 (E.D.Va. July 28, 2009);  McGee v. Thomas, No. 09-455, 2009 U.S. Dist. LEXIS 62617 (D. Ore. July 22, 2009); Sessel v. Outlaw, No. 08-212, 2009 WL 1850331 (E.D. Ark. June 25, 2009); Stanko v. Rios, No. 08-4991, 2009 WL 1303969 (D. Minn. May 8, 2009); Somerville v. DeWalt, No. 09-68, 2009 U.S.Dist. LEXIS 37454 (E.D. Ky. May 1, 2009); Snyder v. Angelini, No. 07-3073, 2008 U.S. Dist. LEXIS 86460 (E.D.N.Y. Oct. 27, 2008).  This view has been adopted by numerous courts in this district. See, e.g., Ogman v. Ebbert No. 10-1342, 2010 WL 4922889, *3 (M.D.Pa. Nov. 12, 2010); Collins v. Martinez, No. 09-2454, 2010 WL 4272923 (M.D.Pa. October 25, 2010); Berlin v. Bledsoe, 2010 WL 3528571 (M.D.Pa. September 8, 2010) Cullum v. Bledsoe, Civil No. 09-2385, 2010 WL 2521035 (M.D.Pa. Jun.15, 2010); Ramos v. Holt, 2010 WL 2471707 (M.D.Pa. May 5, 2010); McDonald v. Obama, 2010 WL 1526443 (M.D.Pa. March 14, 2010);  Wires v. Bledsoe, No. 09-2247, 2010 WL 427769 (M.D.Pa. Feb. 3, 2010). Recognizing the broad discretion expressly conferred to the Bureau of Prisons by statute, these cases consistently hold that these policies do not violate the Act. Rather, these policies simply reflect the Bureau of Prisons'

7

exercise of its discretion in implementing the Act, an Act which simply "may" use community corrections facilities for up to 12 months to aid inmates in their return to society. Id. Therefore, these cases find nothing fundamentally offensive about these agency policy preferences, provided that each inmate receives the individualized consideration of this RRC placement called for by the Act. Id.

Given the analytical framework dictated by case law, our focus in this habeas corpus petition must be on Davis' case, and the question of whether Davis himself received the individualized consideration of his RRC placement called for by the Act. Davis' discovery request, however, seeks to focus the Court's attention, not on his case, but on the RRC placement decisions made for every other inmate in the federal prison system. Thus, the statistical information which Davis seeks would not materially aid us in assessing whether Davis received an individualized assessment of his suitability for residential release, which is all that the law requires.

In fact, the comparison which Davis invites us to undertake, examining aggregate early release rates of Lewisburg SMU inmates and comparing those release rates to the entire Bureau of Prisons population, may be in many ways misleading, since the characteristics of the SMU population differ greatly from the federal prison population as a whole. These differences would justifiably support very different RRC placement rates among these two inmate populations, and would mean that

8

comparisons of these two populations would not be probative with regard to the issues before this Court.

Since the discovery which Davis seeks does not address the question of whether Davis received individualized RRC placement consideration, does not advance our assessment of the legal issues in this particular petition, and invites us to indulge in statistically dubious comparisons of very different inmate populations, we will deny this request.

## III.    Conclusion

For the foregoing reasons, Davis' motion for discovery (Doc. 10), is DENIED.

So ordered this 9th day of November, 2011.


*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge