IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MATTHEW DAVIS, | : | |
| Petitioner | : | NO. 3:11-CV-1864 |
| | : | |
| v. | : | (JUDGE NEALON) |
| | : | (MAGISTRATE JUDGE CARLSON) |
| B.A. BLEDSOE, | : | |
| Respondent | : | |

FILED SCRANTON JAN 20 2012 PER____ DEPUTY CLERK

## MEMORANDUM

On October 11, 2011, Petitioner, Matthew Davis, who is currently confined at the United States Penitentiary in Lewisburg ("USP- Lewisburg"), Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). A response was filed on November 2, 2011, (Doc. 8), followed by a traverse on November 8, 2011, (Doc. 9). Also on November 8, 2011, Petitioner filed a motion for discovery requesting information about pre-release placement recommendations for other inmates. (Doc. 10). Magistrate Judge Martin C. Carlson denied the discovery motion the next day. (Doc. 11) (explaining that habeas petitioners have no absolute right to discovery and that the discovery sought would not aid the court in determining whether the prison properly assessed his suitability for residential release). On November 9, 2011, Magistrate Judge Carlson issued a Report and Recommendation ("R&R") recommending that the habeas corpus petition be denied. (Doc. 12). On November 21, 2011, Petitioner filed a motion for reconsideration of the Order denying his motion for discovery. (Doc. 13). Out of an abundance of caution, Respondent construed the reconsideration motion as objections to the R&R and filed a response thereto. (Doc. 14). Petitioner filed a reply brief objecting to Respondent's argument and to the R&R on December 9, 2011. (Doc. 15). Accordingly, the matter is ripe for resolution and for the reasons set forth below, the R&R will be adopted.

**Standard of Review**

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a <u>de novo</u> review of those portions of the report to which specific objections are made. <u>Sample v. Diecks</u>, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); <u>Goney v. Clark</u>, 749 F.2d 5, 6-7 (3d Cir. 1984) ("providing a complete <u>de novo</u> determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"); <u>Mutombo v. Carl</u>, 2003 U.S. Dist. LEXIS 27124 (M.D. Pa. 2003) (Kane, J.). Conversely, in the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. <u>Cruz v. Chater</u>, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.); <u>Garcia v. I.N.S.</u>, 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); Local Rule 72.3.

**Background**

The habeas corpus petition alleged that he was informed that Respondent, Warden B.A. Bledsoe, has a ninety (90) day placement policy in violation of the Second Chance Act (the "Act"), 18 U.S.C. § 3624(c)(6)(C)).[1] (Doc. 1, p. 4). Petitioner claimed that this predetermined placement period also violates the Federal Bureau of Prison's ("BOP") Program Statement

---

[1]The Act requires the BOP to make an individualized determination of an inmate's needs for pre-release placement to afford the inmate a reasonable opportunity to adjust to reentry into the community. 18 U.S.C. § 3624(c)(1) (allowing up to twelve (12) months pre-release placement); <u>Krueger v. Martinez</u>, 665 F. Supp. 2d 477, 480 (M.D. Pa. 2009) (Rambo, J.).

2

7310.04 by impeding the unit team's ability to conduct an individualized assessment. (Id. at p. 5). Petitioner alleged that due to his lengthy confinement, six (6) months is a reasonable period of pre-release placement to ensure a successful transition back into society. (Id. at p. 4). The habeas petition also asserted that the SMU at USP- Lewisburg violates 18 U.S.C. § 3624(c) because it is not an environment conducive to an inmate's successful reentry back into society. (Id. at p. 6). He claimed that the lockdown confinement policy prevents social activity and that the excessive phone restrictions hinder an inmate's ability to bond with family. (Id.).

In the Response filed on November 2, 2011, Respondent argued that Petitioner's complaints regarding his RRC placement are not ripe for review because no final RRC recommendation has been issued. (Doc. 8, pp. 10-11). Moreover, Respondent asserted that all inmates are individually considered for RRC placement and the habeas petition fails on the merits. (Id. at pp. 5-10). Finally, the Response contends that Petitioner's claims regarding the SMU are not properly raised in a habeas corpus petition. (Id. at pp. 11-12).

In his traverse, Petitioner named additional prison staff who allegedly informed him that Respondent Bledsoe would not consider RRC placement longer than ninety (90) days for any SMU inmate. (Doc. 9).

In the R&R, Magistrate Judge Carlson concludes that the habeas corpus petition should be dismissed as premature and, alternatively, that Petitioner's claims should be denied on the merits. (Doc. 12, pp. 2-3). The Report describes the history of the case, specifically that Petitioner was sentenced on August 26, 2003, in the United States District Court for the Eastern District of North Carolina, to a one hundred ten (110) month term of imprisonment for his conviction of being a felon in possession of firearms. (Id. at p. 3). The R&R states that

Petitioner's projected release date is August 24, 2012. (Id.). Additionally, the Magistrate Judge finds that Petitioner has had more than forty (40) misconducts since his incarceration, which led to his current placement in the SMU. (Id.).

The Report then explains the purpose of the Act, to aid inmates in their transition back into society by allowing up to twelve (12) months in a Residential Re-entry Center ("RRC") at the end of their prison terms, and the BOP policies that govern inmate placement. (Doc. 12, pp. 1, 4-5) (citing 18 U.S.C. § 3624(c)). Magistrate Judge Carlson details the timing and procedure for RRC placement recommendations and the requirement that the length of placement be decided on an individual basis. (Id. at pp. 5-7) (citing BOP Program Statement 7310.04 and Guidance Memos). The R&R provides:

> the prison Unit Team must review the resources of the facility contemplated, the nature and circumstances of the inmate's offense, the history and characteristics of the inmate, any statement of the court that imposed the sentence, and any pertinent policy statement issued by the U.S. Sentencing Commission. The inmate's institutional conduct and programming are also an important part of this assessment process....

(Id. at p. 7) (internal citations omitted); 18 U.S.C. § 3621(b).

Next, Magistrate Judge Carlson determines that at the time the instant petition was filed, a final decision had not been made regarding Petitioner's RRC placement. (Doc. 12, p. 7). The R&R states that on October 4, 2011, RRC placement review of Petitioner was conducted and the Unit Team determined that they would not recommend Petitioner for pre-release placement. (Id.). However, this was a recommendation, not a final decision. (Id. at p. 8). The Report explains that the "ability of the courts to address a petitioner's concerns is entirely dependent upon the existence of some genuine, currently justiciable case or controversy." (Id. at p. 9) (citing Griffin v. Holt, 2008 U.S. Dist. LEXIS 101915 (M.D. Pa. 2008) (Munley, J.)). The

Magistrate Judge concludes that a challenge to an RRC placement decision is not ripe until a final decision has been made. (Id. at p. 10). Accordingly, Magistrate Judge Carlson recommends that because the instant habeas petition does not present a justiciable case or controversy, it be dismissed as premature. (Id. at pp. 10-11) (citing Stanko v. Ebbert, 2010 U.S. Dist. LEXIS 43980 (M.D. Pa. 2010) (McClure, J.), affirmed, Stanko v. Obama, 2010 U.S. App. LEXIS 19047 (3d Cir. 2010)).

Moreover, the Report concludes that Petitioner did not meet his burden of establishing that the discretionary decision by the BOP violated any rights guaranteed to him by the Constitution or laws of the United States. (Doc. 12, p. 11). The Magistrate Judge explains that an inmate does not have a constitutional right to placement in any particular prison or to any specific custody classification and that a prison transfer does not constitute cruel and unusual punishment. (Id. at pp. 11-13) (citing Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Moody v. Daggett, 429 U.S. 78, 88 (1976); Hassain v. Johnson, 790 F.2d 1420 (9th Cir. 1986)). Additionally, while the Act permits pre-release placement, it does not compel the BOP to provide any inmate with a specific placement; rather, the Act confers discretion to prison officials to make individualized determinations using the factors delineated at 18 U.S.C. § 3621(b). (Id. at pp. 13-16). Magistrate Judge Carlson details the factors that the BOP must consider when assessing an inmate's pre-release placement. (Id. at pp. 15-16) (citing 18 U.S.C. § 3624). The Report reasons that the courts should limit judicial review to making an independent assessment of whether the BOP engaged in an individualized determination of the inmate's placement in accordance with the statutory factors set forth at 18 U.S.C. § 3621(b). (Id. at pp. 16-22).

Applying these standards, Magistrate Judge Carlson determines that Petitioner's

"unfavorable recommendation was based upon an individualized assessment of Davis' circumstances, an assessment revealed a host of factors, all of which suggested that Davis could present an immediate risk of harm to others." (Doc. 12, pp. 7-8, 22-23). The R&R refers to Petitioner's conviction for a serious firearms offense and his extensive, violent record of institutional misconducts. (Id.). Consequently, the Report recommends that if the habeas petition is considered on its merits, that it nevertheless be denied.

On November 21, 2011, Petitioner filed a "Motion for Reconsideration Concerning the Individualize [sic] Assessment Issue Initially Brought Before the Court." (Doc. 13). Petitioner concedes that he may have "over reached in asking the court for a wide discovery request" and alleges that he was only trying to argue that he did not receive an individualized assessment because Respondent has predetermined that all SMU inmates should receive only a ninety (90) day RRC recommendation. (Id. at pp. 1-2).

Respondent construed the motion as objections to the R&R and filed a brief in opposition on December 1, 2011. (Doc. 14). Respondent argues that Petitioner merely repeats the allegations of his habeas corpus petition and offers nothing more than his own self-serving statements that all SMU inmates receive no more than ninety (90) days in an RRC. (Id. at pp. 2-3). Respondent asserts that Petitioner's program review indicated that he was not likely to be recommended for early release due to his extensive history of violent misconducts. (Id.). Further, Respondent contends that Magistrate Judge Carlson correctly concluded that Petitioner received individualized consideration. (Id.).

In his reply filed on December 9, 2011, Petitioner notes that the BP-10 response he received from the Regional Director on April 6, 2011, states that the unit team considered

Petitioner's individual needs and recommended a ninety (90) day RRC placement. (Doc. 15). He suggests that because this decision was based on all the factors, including Petitioner's disciplinary history, that it is inconsistent for him to later receive a recommendation to be denied early release for the same reasons. (Id.).

**Discussion**

Although Petitioner simply reiterates his habeas claims in the motion to reconsider, his reply presents a new issue. Accordingly, de novo review of the R&R will be conducted.

This Court agrees with Magistrate Judge Carlson that the habeas corpus petition is premature. Because a final decision regarding Petitioner's RRC placement has not been reached, a determination as to whether the BOP complied with the statutory factors outlined in 18 U.S.C. § 3621 cannot be made. See Toledo v. Scism, 2010 U.S. Dist. LEXIS 109364, *11 (M.D. Pa. 2010) (Munley, J.) (dismissing the habeas corpus petition without prejudice because the petitioner had not received his final RRC placement decision). Although there is a recommendation that Petitioner be denied early release, the final decision may allow RRC placement. Without a final determination by the BOP, Petitioner's claim is not ripe. See Porter-Bey v. Bledsoe, 2012 U.S. App. LEXIS 84, *5-6 (3d Cir. 2012) (affirming this Court's determination that the petitioner's habeas challenge to a decision to exclude him from release to an RRC was not ripe because it was neither a final decision nor a final recommendation); McDowell v. Scism, 2011 U.S. Dist. LEXIS 5491, *11 (M.D. Pa. 2011) (Muir, J.) (dismissing as premature the petition for a writ of habeas corpus challenging the recommended RRC placement period). The habeas corpus petition will therefore be dismissed without prejudice.

Petitioner is cautioned that once he receives a final RRC placement decision, he is

required to exhaust administrative remedies before renewing a habeas claim. See Toledo, 2010 U.S. Dist. LEXIS 109364 at *12 (When dismissing the habeas corpus petition as premature, the district court denied the petitioner's request to be able to re-file his petition directly with the court without first exhausting the BOP's administrative review process.). Further, exhaustion "is not rendered futile simply because a prisoner anticipates he will be unsuccessful in his administrative appeals before the twelve-month pre-release mark.'" Ross v. Martinez, 2009 U.S. Dist. LEXIS 111171, *7 (M.D. Pa. 2009) (Jones, J.) (citing Malvestuto v. Martinez, 2009 U.S. Dist. LEXIS 78231, *9 (M.D. Pa. 2009) (Connor, J.)).

Moreover, if this Court were to consider the merits of Petitioner's claim based on the record currently before the Court, the habeas petition would be denied. The Magistrate Judge correctly determines that Petitioner does not have a constitutional right to RRC placement and that the Second Chance Act, while authorizing pre-release placement, does not mandate that he be released into an RRC. The R&R outlines the factors the BOP must consider and this Court agrees that all these factors were assessed. Petitioner's program review reported that attention is required in the following skill areas: academic, vocational/career, interpersonal, wellness, mental health, character, leisure, and daily living. (Doc. 8, Attachment 3). These deficiencies directly impact on the resources of the facility contemplated. See id.; 18 U.S.C. § 3621(b). The nature and circumstances of Petitioner's offense, as well as the history and characteristics of Petitioner were also considered. Id. Importantly, since 2004 Petitioner received forty-two (42) separate misconducts relating to more than fifty (50) individual violations. (Doc. 8, Attachment 3). "[T]he June 24, 2010 Revised Guidance Memorandum specifically directs BOP staff to consider that inmates who have 'recent, serious, or chronic misconduct and those who have previously

failed an RRC program may be inappropriate' for RRC placement." Jernigan v. Scism, 2011 U.S. Dist. LEXIS 129004, *13-14 (M.D. Pa. 2011) (Jones, J.) (dismissing the petitioner's habeas claim that the BOP wrongly reduced the duration of his RRC placement from six (6) months to sixty (60) days after he was found guilty of misconduct charges). This Court concludes that the preliminary assessments took into account Petitioner's individual situation and all the statutory factors. Therefore, the BOP did not abuse its discretion in recommending that Petitioner be denied RRC placement. See (Doc. 8, Attachments 3, 4).

In his reply brief, Petitioner suggests that the recommendations to deny him RRC placement contradict the BP-10 response he received from the Regional Director on April 6, 2011, recommending a ninety (90) day RRC placement. (Doc. 15). However, the fact that there are different preliminary recommendations only reaffirms the reason why the instant petition should be dismissed as premature. Furthermore, although neither the Response, nor the R&R mention Petitioner's review in March 2011, see (Docs. 8, 12, 14), two (2) subsequent reviews both determine that RRC placement should be denied. The program review conducted on June 7, 2011, indicated that Petitioner would not be recommended for RRC placement due to his institutional misconduct. (Doc. 8, Attachment 3 at p. 14). Similarly, in Petitioner's review for RRC placement dated October 4, 2011, the unit team concluded that Petitioner "will not be referred for RRC placement due to his extensive disciplinary history and propensity for violence." (Doc. 8, Attachment 4). Given the BOP's broad discretion in making RRC placement decisions and the fact that the statutory factors were considered, the differing recommendations do not demonstrate a violation of Constitutional or federal law. See Johnson v. Scism, 2011 U.S. Dist. LEXIS 34301, *14-15 (M.D. Pa. 2011) (Nealon, J.) (concluding that the petitioner's

disagreement with the BOP's discretionary decision does not justify habeas relief).

Finally, this Court agrees with Respondent that Petitioner's complaints regarding the SMU are not cognizable in a habeas corpus petition. See Milhouse v. Bledsoe, 2011 U.S. Dist. LEXIS 8752 (M.D. Pa. 2011) (Rambo, J.) (addressing claims relating to the SMU at USP-Lewisburg in a civil rights action). Further, Petitioner's claim, that 18 U.S.C. § 3624(c) was violated at the SMU at USP- Lewisburg because the environment is not conducive to an inmate's successful reentry back into the community, is without merit because section 3624(c) relates to prerelease custody, not to the conditions of confinement. See 18 U.S.C. § 3624(c). Moreover, the SMU program is not unconstitutional. See White v. Bledsoe, 2011 U.S. Dist. LEXIS 65246 (M.D. Pa. 2011) (Kane, J.) (dismissing civil rights complaint because designation to the SMU at USP- Lewisburg did not violate a protected liberty interest); Stotts v. Fed. Bureau of Prisons, 2005 U.S. Dist. LEXIS 41414, *13 (M.D. Pa. 2005) (Munley, J.) (discussing the program goals of the SMU and dismissing the civil rights action). In Millhouse, the Court concluded that the living conditions and use of restraints at the SMU at USP- Lewisburg do not constitute cruel and unusual punishment, that an inmate does not have a protected right to visitation, that the restricted telephone privileges are constitutional, and that an inmate has no protected right to prison programs or employment. Milhouse, 2011 U.S. Dist. LEXIS 8752 at *25-31, 36. Accordingly, Petitioner's complaints regarding the SMU will also be dismissed.

**Conclusion**

After de novo review, this Court will adopt Magistrate Judge Carlson's recommendation to dismiss the instant habeas petition as premature because Petitioner's RRC placement recommendation is not final. Petitioner is cautioned that if he later wants to challenge the BOP's

final decision, he must first exhaust administrative remedies. Moreover, based on the record currently before the Court, Petitioner has not established a violation of Constitutional or federal law or that the BOP failed to make an individualized assessment after considering the factors in 18 U.S.C. § 3621. Finally, Petitioner's challenge regarding the SMU is not cognizable in habeas, nor has he asserted any constitutional violations that would support a civil rights complaint. A separate Order will issue.

_____
**United States District Judge**

**Date:** January 20, 2012